Wei v. Lynch

BIA
A073 612 783

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XIAO FENG WEI,
> *Petitioner,*

v.                                              14-1135
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Attorney
                         General, Civil Division; Shelley R.
                         Goad, Assistant Director; Jennifer
                         P. Levings, Senior Litigation
                         Counsel, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Feng Wei, a native and citizen of the People's Republic of China, seeks review of a March 20, 2014, decision of the BIA denying his untimely and number-barred motion to reopen proceedings. *In re Xiao Feng Wei,* No. A073 612 783 (B.I.A. Mar. 20, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *see also INS v. Abudu*, 485 U.S. 94, 107 (1988). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen,

we review the BIA's factual findings under the substantial evidence standard.  *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  Indisputably, Wei's January 2014 motion was untimely and number-barred, as it was his second motion to reopen, filed nearly two decades after the final order of removal.  The time and numerical limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).  However, substantial evidence supports the BIA's finding that Wei did not demonstrate changed circumstances from the time of his 1996 removal order.  *See Jian Hui Shao*, 546 F.3d at 169; *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (B.I.A. 2007).

3

Wei moved to reopen proceedings based on his activism with the Chinese Democracy Party ("CDP") in the United States, arguing that there had been a change in the Chinese government's treatment of democracy activists since 1996.  He did not, however, submit any evidence regarding country conditions in China in 1996.  Moreover, as the BIA noted, the country conditions evidence he did submit, including the 2012 U.S. State Department Human Rights and Congressional-Executive Commission on China Annual reports, discusses the Chinese government's ongoing, continuous repression of democracy activists, not a material change in treatment.  Wei therefore did not demonstrate a change in country conditions.  *See Jian Hui Shao*, 546 F.3d at 142, 149.

Wei submitted with his motion to reopen a letter from his sister in China which states that "people from the National Security Bureau came to visit [her] home regarding [his] issue," told her that Wei had published anti-government articles, and warned her that she needed to report to them if she "learned anything about" Wei.  Wei argues that this letter demonstrates changed country conditions in China.  However, the BIA did not abuse its discretion in according the statement limited weight

4

because it was unsworn and from an interested party.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Accordingly, the BIA reasonably determined that Wei failed to establish materially changed conditions in China and did not abuse its discretion in denying his untimely and number-barred motion.  *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5